THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF BARTELS, | ) |
| *Plaintiff*, | ) ) ) |
| | ) No. 23 C 3755 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) |
| *Defendants*. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeff Bartels is a Canadian artist who makes and sells paintings that combine aspects of hyperrealism and surrealism. Bartels brought this lawsuit against Defendant H2 Studio Company Limited ("H2"), alleging copyright infringement of one of those paintings, "DJ Skull with American Flag." (Dkt. 1). Now, Bartels moves for summary judgment, (Dkt. 45), and H2 moves to dismiss under Federal Rule of Civil Procedure 12(b)(7), (Dkt. 66). For the reasons discussed below, Bartels's motion for summary judgment [45] is granted and H2's motion to dismiss [66] is denied.

BACKGROUND

**I.    Failure to Comply with Local Rules for Summary Judgment**

As Northern District of Illinois Local Rule 56.1(a)(2) requires, Bartels filed a statement of material facts in support of his motion for summary judgment. (Dkt. 47). In response, H2 was required to submit a response that "consist[s] of numbered paragraphs corresponding to the numbered paragraphs in the LR 56.1(a)(2) . . . statement." Local Rules 56.1(b)(2), 56.1(e)(1). "Each response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute

1

in part the asserted fact." Local Rule 56.1(e)(2). Otherwise, "[a]sserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." Local Rule 56.1(e)(3).

Here, H2 filed no such Local Rule 56.1(b)(2) response. Instead, H2 filed a "Counter-Statement of Facts in Opposition" which it described as "statements of material facts per Local Rule 56.1(a) of the Local Rules in opposition to Plaintiff's Motion for Summary Judgment." (Dkt. 59-1). H2's response does not address the 32 factual assertions in Bartels's Local Rule 56.1(a)(2) statement, but instead sets forth 9 additional facts that do not correspond to any of Bartels's paragraphs. (*Id.*) The Court will interpret H2's document as a non-moving party's Local Rule 56.1(b)(3) statement of additional facts. H2 also filed a document entitled "Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment," (Dkt. 59), which the Court will interpret as a Local Rule 56.1(b)(1) supporting memorandum of law. Neither of these documents satisfies Local Rule 56.1(b).

The Court has discretion to require strict compliance with Local Rule 56.1. *See e.g.*, *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) (collecting cases); *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635 (7th Cir. 2008).

H2's failure to file a proper response has consequences. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632. After all, "[t]he purpose of Rule 56.1 is to have the litigants present to the district court a clear,

2

concise list of material facts that are central to the summary judgment determination." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). This Court need not attempt to mix and match factual puzzle pieces to determine where they fit together to establish a genuine dispute of material fact. *See id.* ("It is the litigants' duty to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the proffered fact.").

Here, H2 only provided a Local Rule 56.1(b)(3) statement of additional facts. (Dkt. 59). Because H2 altogether failed to respond to Bartels's statement of material facts, this Court accepts Bartels's Local Rule 56.1(a)(2) statement as true for purposes of this motion—of course to the extent supported by evidence. *See, e.g.*, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Ciomber*, 527 F.3d at 643–44. Moreover, the Court will disregard the assertions in H2's Rule 53(b)(3)'s statement of additional facts to the extent those assertions conflict with Bartel's Rule 56.1(a)(2) statement. *See Klein v. Wexford Health Sources, Inc.*, 2019 WL 2435850, at *2 (N.D. Ill. June 11, 2019); *Daniels v. Janca*, 2019 WL 2772525, at *2 (N.D. Ill. July 2, 2019); *Church v. Church Mut. Ins. Co.*, 2016 WL 772787, at *1 (N.D. Ill. Feb. 29, 2016), *aff'd sub nom. Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607 (7th Cir. 2017) ("The non-movant's submission of a Local Rule 56.1(b)(3)(C) statement of additional facts does not and could not properly controvert each numbered paragraph of the movant's Local Rule 56.1(a)(3) statement, as it does not sync up with the factual assertions in the Local Rule 56.1(a)(3) statement." (cleaned up)).

This is by no means an automatic grant of Bartels's motion. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (noting the movant "must still demonstrate that it is entitled to judgment as a matter of law"). The Court will thus recite the facts as favorably to H2 as the record and Local Rule 56.1 permit, before determining whether Bartels is entitled to judgment on

those facts. *Hudson v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 2019 WL 4261581, at *3 (N.D. Ill. Sept. 9, 2019) (citing *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018)).

### A. Material Facts

As a professional artist, Bartels creates and sells oil paintings through various online platforms. (Dkt. 47 ¶ 1; Dkt. 48 ¶ 3). Since May 4, 2022, Bartels has owned the right to U.S. Copyright Registration No. VA 2-301-915 for the artwork titled "DJ Skull with American Flag" (the "Bartels Work"). (Dkt. 47 ¶ 10; Dkt. 48-1 at 1). Bartels hand-drew this artwork. (Dkt. 47 ¶ 19).

H2 operates an Amazon Storefront, through which it sells products to consumers nationwide, including to Illinois residents. (*Id.* at ¶¶ 3, 4). H2 sold on its Amazon store a product titled "HK Studio American Flag Skull Decor for Halloween, Dorm, Teen Room Decor, Game Room Decor – Horror Decor for Gothic Home Decor, Hippie Room Decor, Emo Room Decor, Grunge Room Decor – 11" x 17." (*Id.* at ¶ 14). H2's product and the Bartels Work contain the same details, "shape, proportions, concaves . . . shadows, aged effects, [and] coloring." (*Id.* at ¶¶ 15–18). Most glaringly, H2's product contains the exact same "cracking" on the forehead, nose, eye sockets, and jaw as the Bartels Work. (*Id.*)



(*Id.* at ¶ 15; Dkt. 48 ¶ 10).

Up to the time of the complaint, H2 sold at least five allegedly infringing products, totaling $70.45 in sales. (Dkt. 47 ¶¶ 13, 31; Dkt. 59-1 ¶ 7). Bartels has not authorized or licensed the Bartels Work to H2. (Dkt. 47 ¶ 26). Yet, H2 believed the Bartels Work use was permissible through its research on Pinterest.com. (Dkt. 59-1 ¶ 3).

On June 14, 2023 Bartels filed a complaint asserting copyright infringement. (Dkt 1). Bartels then moved for a preliminary injunction, (Dkt. 22), which H2 opposed, (Dkt. 28). On August 18, 2023, Bartels moved for summary judgment against H2 Studio. (Dkt. 45). The Court stayed ruling on the preliminary injunction pending its ruling on Bartels's motion for summary judgement. (Dkt. 54). Then on March 6, 2024, H2 moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. (Dkt. 66).

5

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when there is "sufficient evidence" for a jury to return a verdict in favor of the party opposing summary judgment. *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must take the facts in the light most favorable to the non-moving party, but the non-movant "must present specific facts establishing a material issue for trial, and any inferences must rely on more than mere speculation or conjecture." *Giles v. Godinez*, 914 F.3d 1040, 1048 (7th Cir. 2019). At this stage, the court does not "weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021).

**DISCUSSION**

**II.     Copyright Infringement**

Bartels seeks summary judgment on the basis that H2's product is identical to the Bartels Work, and therefore, infringes Bartels's copyright. To prevail on his motion for summary judgment, Bartels must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009). First, a copyright registration is prima facie evidence of a valid copyright. 17 U.S.C. § 410(c); *see Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Here, Bartels owns copyright No. VA 2-301-915. (Dkt. 47 ¶ 10). As discussed above, H2

has not properly set forth evidence to rebut the presumption of validity, so this registration is deemed valid.

The question of infringement then turns on whether H2 copied the protected work. There are two ways to prove copying: (1) by direct evidence; or (2) by proving that H2 "had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) ("Copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." (citations omitted)). Further, under the "ordinary observer" test, copying goes so far as to constitute an improper appropriation when the "accused work is so similar to the plaintiffs work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Incredible Techs., Inc.*, 400 F.3d at 1011.

That is the case at hand. It is undisputed that H2 viewed Bartel's artwork on Pinterest.com. The works here are not just substantially similar—they are identical. Viewing the pictures above, any ordinary reasonable person would conclude the same. H2 does not contest it copied the Bartels Work, but instead contends that it is an innocent infringer. (*See* Dkt. 59). Even so, the question of intent affects only the damages available to Bartels in the case of infringement, not the infringement itself. Here, H2 has not presented admissible evidence to create a triable issue for the jury regarding infringement. Therefore, summary judgment is granted as to the copyright infringement claim.

**III.     Damages**

Under Section 504 of the Copyright Act of 1973, an infringer is liable for either (1) "the copyright owner's actual damages and any additional profits of the infringer" or (2) statutory damages. 17 U.S.C. § 504(a). Here, Bartels argues that he is entitled to statutory damages in the amount of at least $100,000 based on H2's allegedly willful infringement. (Dkt. 56 at 7–10).[1]

A copyright owner may recover statutory damages "with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); *see BMG Music v. Gonzalez*, 430 F.3d 888, 891 (7th Cir. 2005). If, however, the copyright owner proves "that [the] infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). When determining an award of statutory damages, the court is not required to follow any rigid formula. *Chi–Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). Thus, the court in its discretion may consider factors including, "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringements." *Ali v. Final Call, Inc.*, 289 F. Supp. 3d 863, 869 (N.D. Ill. 2017) (quoting *Chi-Boy Music*, 930 F.3d at 1229).

First, H2 asserts it was an innocent infringer. The court may reduce statutory damages to a minimum of $200 if "the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). In support, H2 states that there are "hundreds" of similar

---

[1] Bartels may elect to recover either actual or statutory damages at any time before final judgment has been entered, but not both. 17 U.S.C. § 504(c); *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 903 (7th Cir. 2019). Here, the Court interprets Bartels to elect to receive statutory damages, as he asks for actual damages "in the event the Court deems statutory damages are inapplicable." (Dkt. 46 at 10).

8

images as the Bartels Work found on Pinterest, Google, and Amazon and the "vast majority" do not contain a notice or disclaimer of intellectual property rights. (Dkt. 59 at 3). H2 thus argues their design team "incidentally" found one of these images on Pinterest and could "reasonably conclude[]" it was not copyrighted. (*Id.* at 8; Dkt. 59-1 ¶ 3).

Bartels disputes H2's infringement was innocent, as the "recurrence" of Bartels's name next to his artwork should have put H2 on notice the artwork was copyrighted. (Dkt. 61 ¶ 6; Dkt. 61-2). From visiting the Pinterest links H2 provided, it is clear that through a minimal level of effort, H2's design team would have been on notice of Bartels's intellectual property rights. Directly under the image are links to the artwork with the "Jeff Bartels" or "Fine Art America" watermark featured prominently, which ultimately link ultimately to Jeff Bartels's store. Further, though H2 cites to Pinterest's policy that users must not post infringing content, that policy does not lend the inference that any photo on Pinterest without attribution can be used without investigation into or attribution of intellectual property rights. Thus, the Court concludes H2 did not meet its burden of showing it was an innocent infringer.

In the same vein, Bartels requests the Court construe these same facts to justify a finding of willfulness. (Dkt. 60 at 9). "[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Express Corp.*, 18 F.3d at 511 (cleaned up). This can be shown through evidence that the defendant "should have known of the direct infringement." *In re Aimster Copyright Litig.*, 334 F.3d 643, 649 (7th Cir. 2003). Similar to the innocence analysis, the Court finds H2's infringement willful. H2 showed a reckless disregard of Bartels's right when it did not engage in a reasonable search to determine the Bartels Work intellectual property rights. H2 is "not entitled to stick their heads in the sand concerning rights to the works they reproduce and

9

sell." *Boehm v. Zimprich*, 68 F. Supp. 3d 969, 979 (W.D. Wis. 2014). Here, statutory damages serve as a deterrent to the H2 design team's laissez-faire approach to "finding inspiration." (Dkt. 59 at 10); *see c.f. Luxottica Grp. S.p.A. v. Hao Li*, 2017 WL 621966, at *5 (N.D. Ill. Feb. 15, 2017) (noting evidence that the company conducted employee training sessions in intellectual property rights as opposed a finding of willfulness). Moreover, though the Court considers that H2 ceased its infringing activities before receiving notice of the Temporary Restraining Order, this does not outweigh the willful infringement. *See Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) ("The fact that a criminal does not persist in committing crimes after he's indicted doesn't argue strongly in his favor.").

Though a finding of willfulness increases the statutory maximum the Court may award, the circumstances here do not support an award of $100,000 or more. The Court may look to actual damages as a factor in determining the proper statutory damages. H2's infringing profits totaled $70.45. However, it is difficult, if not impossible, to determine the revenues lost by Bartels, the damage to his goodwill, and his right to exclusive control. Even so, Bartels has come forward with scant evidence to support actual damage in the range of $50,000–$75,000, which he holds is the "acquisition cost" of licensing the Bartels Work. (Dkt. 46 at 9–10). In support of his argument, Bartels submitted an affidavit of expert Paul N. Holmes noting that the "largest studios (Disney, WB, Mattel) typically set in place a policy of no license extended for less than $50,000." (Dkt. 49 ¶¶ 9, 15). Yet, Bartels does not point to any examples of his work selling or attaining or licensing fees in the past comparable to the "largest studios" or present any other evidentiary support for these bald conclusions. *See Emoji Co. GmbH v. Individuals Identified on Schedule A Hereto*, 2022 WL 4465593, at *6 (N.D. Ill. Sept. 26, 2022) (noting the declaration in support of statutory damages "consists mostly of conclusory statements lacking in specific evidentiary support" and

10

collecting cases); *Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016) (stating a copyright holder must show the fair market value of the thing taken with "sufficient[] concrete[ness].").

Accounting for deterrence of H2's infringement, the limited profits from five infringing sales, and H2's prompt decision to cease sales of Bartels Work after the complaint was filed, the Court finds a statutory award of $1,500 appropriate.

IV. **Permanent Injunction**

Finally, in awarding a permanent injunction, the court must consider the following factors: (1) irreparable injury; (2) inadequate legal remedies; (3) a balance of hardships between the plaintiff and defendant that favors the plaintiff; and (4) service to the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). These factors are satisfied. The Court find that H2's conduct has caused irreparable injury to Bartel's exclusive right to control his artwork and that monetary damages are inadequate to compensate for that injury. Further, the balance of harm favors Bartels, as H2 "would suffer no harm from being enjoined from violating the law." *See Luxottica Grp. S.p.A.*, 2017 WL 621966, at *6. Accordingly, H2 is permanently enjoined from advertising, offering for sale, and selling products of the Bartels Work. (*See* Dkt. 43 granting permanent injunction as to non-appearing defendants).

V. **Costs and Fees**

Additionally, Bartels seeks an award of reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505. The Court agrees that "the smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees." *Assessment Techs. of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2006); *Gonzales*, 301 F.3d at 609–10 (7th Cir. 2002) ("The infringement was willful; and willful infringements involving

11

small amounts of money cannot be adequately deterred . . . without an award of attorneys' fees."). In light of H2's willful counterfeiting, Bartels is awarded its reasonable attorneys' fees and costs.

### VI. Motion to Dismiss Under Rule 12(b)(7)

Lastly, H2 moves under Rule 12(b)(7) to dismiss the complaint for failure to join Pinterest as an indispensable party. (Dkt. 66). In accordance with Local Rule 78.3, the Court will decide this motion without the benefit of Bartels's response. Local Rule 78.3 ("The court *may* set a briefing schedule[.] . . . Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing."); *Williams v. DeJoy*, 88 F.4th 695, 702 (7th Cir. 2023) ("District courts, however, have 'inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases,' including by denying meritless motions without awaiting a response." (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016))).

From the jump, Federal Rule of Civil Procedure 19(a) requires joinder if (1) the court cannot accord complete relief to existing parties in the party's absence; (2) the absent party's ability to protect an interest relating to the subject of the action will be impaired; or (3) an existing party would be subject to a substantial risk of multiple or inconsistent obligations if the absent party is not joined. See *Askew v. Sheriff of Cook. Cnty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009); Fed. R. Civ. P. 19(a). Then, if a party deemed "necessary" under Rule 19(a) cannot be joined, a court considers whether that necessary party is "indispensable" under Rule 19(b). Ultimately, "[t]he purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew*, 568 F.3d at 634 (cleaned up).

Here, H2's argument fails at the first step. H2 argues again that the Bartels Work is "found all over the internet, especially on platforms such as Pinterest." (Dkt. 67 at 5). They jump to the conclusion that "Pinterest contributed to their innocent infringement" by "happen[ing] to have many of these images posted" and thus are an indispensable party. (*Id.*) Here, complete relief can be accorded between Bartels and H2 without the presence of Pinterest. Further, H2 is not subject to inconsistent obligations based on the Court's judgment today. Lastly, H2 has not sufficiently addressed why solely Pinterest and not one of the other "platforms" where they claim infringing copies of the Bartels Work are found (such as Google and Amazon) is necessary. Pinterest's theoretical interest in the litigation is insufficient to require joinder; they are not a necessary party. *See Zimnicki v. Gen. Foam Plastics Corp.*, 2010 WL 1257778, at *2 (N.D. Ill. Mar. 24, 2010).

Most fatal to H2's claim, Rule 19's analysis focuses on the prejudice to the absent party. *See* Fed. R. Civ. P. 19(B)(i) (noting a party is required when "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest."). But here, H2 focuses on the perceived unfairness to itself, rather than Pinterest. H2's gripes with Pinterest's user policy and platform does not doom Bartels's limited suit for copyright infringement. Based on H2's limited facts, the Court could *possibly* consider Pinterest a joint tortfeasor with respect to Bartels's copyright infringement claims. Even so, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in single lawsuit." *Tempes v. Synthes*, 498 U.S. 5, 7 (1990).

Ultimately, Pinterest is not a person in whose absence complete relief cannot be accorded and is not a necessary party to the action. *See Arkeyo, LLC v. Saggezza, Inc.*, 2021 WL 2254959, at *3 (N.D. Ill. June 3, 2021). H2's motion to dismiss for failure to join a party under is denied.

13

## CONCLUSION

For these reasons, the Court grants Bartels's Motion for Summary Judgement [45], denies H2's motion to dismiss [67], and directs an award of $1,500 in statutory damages to Bartels and entry of a permanent injunction against H2. Bartels is directed to file documentation supporting his reasonable fees and costs by April 20, 2024. Bartels's motion for a preliminary injunction [22] is moot.

Virginia M. Kendall
United States District Judge

Date: March 29, 2024